## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10339 | **DATE** | 6/5/2013 |
| **CASE TITLE** | Ahmed-Al-Khalifa vs. Holder | | |

**DOCKET ENTRY TEXT**

Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) is denied. Plaintiff's complaint is frivolous and dismissed with prejudice. Plaintiff's motion for appointment of counsel (ECF No. 5) is denied as moot.

■[ For further details see text below.]

Docketing to mail notices.
Mailed AO 450 form.

### STATEMENT

*Pro se* Plaintiff Oluwashina Kazeem Ahmed-Al-Khalifa filed an application to proceed *in forma pauperis* and a motion for appointment of counsel. Plaintiff, a non-resident alien, brings his claim under 18 U.S.C. §1983 alleging that on November 14, 2012, the Attorney General violated his civil rights by declining to grant him "express consent" to re-enter the United States as required under 8 U.S.C. §1326 following his deportation.

To permit Plaintiff to proceed *in forma pauperis*, the Court must find two things: (1) that Plaintiff cannot pay the costs of the case; and (2) that the case is not frivolous or brought in bad faith. 28 U.S.C. § 1915(a),(e). The Court will dismiss the case if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Id.* § 1915 (e)(2)(B). The Court liberally construes *pro se* filings, including applications to proceed *in forma pauperis*. *See Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177, 1183 (7th Cir. 1989).

Plaintiff has represented to the Court that he has no income whatsoever. The Court is highly skeptical of this representation. As a non-incarcerated person, Plaintiff must have some way of obtaining food, shelter and clothing on a day-to-day basis. This is especially true considering Plaintiff claims an individual is dependent on him for support in response to question 11. Plaintiff also failed to indicate his spouse's salary in response to question 3. The Court must have an accurate picture of Plaintiff's finances in order to determine if he is eligible to proceed *in forma pauperis*, and Plaintiff failed to do so.

More problematic for Plaintiff, however, is that he fails the second prong, as well. Congress has plenary power to make policies excluding aliens. *Kleindienst v. Mandel*, 408 U.S. 753, 769-70 (1972). 8 U.S.C. §1326 is limited in scope to aliens who have been previously deported. "An alien who has been deported reenters this country at his peril…[and] had better make certain that he has the Attorney General's express consent to enter, because if he does not he is guilty of a felony." *United States v. Carlos-Colmenares*, 253

**STATEMENT**

F.3d 276, 278 (7th Cir. 2001). Moreover, unadmitted and nonresident aliens do not have a constitutional right of entry into the United States. *Kleindienst*, 408 U.S. at 762.

Under Article III of the United States Constitution, federal courts have limited jurisdiction to hear only "cases" and "controversies." *Abercrombie v. Office of Comptroller of Currency,* 833 F.2d 672, 674 (7th Cir. 1987). In order to be a justiciable case or controversy, the plaintiff must have standing. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). The doctrine of standing has three elements:

> First, the plaintiff must have suffered an injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of - the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id*. at 560-61 (quotations omitted).

Plaintiff's complaint fails for lack of standing. Congress chose to use its plenary power to pass 8 U.S.C §1326. This law clearly states nonresident aliens who were previously deported from the United States are guilty of a felony if they enter, attempt to enter, or at any time are found in the United States without first obtaining express consent from the Attorney General. *Id.* In the instant case, the Plaintiff falls under the scope of 8 U.S.C. §1326 because he was previously deported from the United States after admitting he illegally entered the country using a counterfeit social security card and birth certificate. However, the Plaintiff has not sustained an actual injury to a legally protected interest. Plaintiff has not entered, attempted to enter, or been found in the United States in violation of 8 U.S.C. §1326. Additionally, Plaintiff – who is a nonresident alien residing in Nigeria – does not have a Constitutionally protected right of entry into this country. *Kleindienst*, 408 U.S. at 762. As a result, the Department of Justice's November 14, 2012, letter returning Plaintiff's request for the Attorney General's express consent to enter the United States did not constitute an actual injury granting Plaintiff standing to bring this claim. Thus, Plaintiff's complaint is frivolous and dismissed with prejudice. As a result, Plaintiff's motion for the appointment of counsel is denied as moot.